Emic Corp. v Barenblatt (2024 NY Slip Op 02011)

Emic Corp. v Barenblatt

2024 NY Slip Op 02011

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Index No. 153977/16 Appeal No. 2047 Case No. 2023-02217 

[*1]Emic Corp., Formerly Known as Apple Mortgage Corp., Plaintiff-Respondent,
v
Richard Barenblatt, et al., Defendants/Third-Party Plaintiffs-Appellants. Eric Appelbaum, Third-Party Defendant-Respondent.

Tarter Krinsky & Drogin, LLP, New York (Richard C. Schoenstein of counsel), for appellants.
Berger Webb Hone & Rogin, LLP, New York (Jonathan Rogin of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 21, 2023, which, insofar as appealed from as limited by the briefs, granted plaintiff Emic Corp. f/k/a Apple Mortgage Corp.'s motion for summary judgment dismissing the individual defendants (Richard Barenblatt, David Beistein, Keith Furer and Kevin Ungar)'s first and third counterclaims for commissions earned on mortgages they originated that were paid after they left their employment at plaintiff's predecessor, denied the individual defendants' motion for summary judgment dismissing plaintiff's claim for unjust enrichment and to limit the damages plaintiff could obtain on its claims against defendants, unanimously modified, on the law, to the extent of dismissing plaintiff's unjust enrichment cause of action, and otherwise affirmed, without costs.
This action asserts claims based on allegations that defendant former employees who worked as mortgage loan originators for plaintiff's predecessor, Apple Mortgage Corp., improperly copied and removed "confidential" customer lists from Apple's computers when they resigned on September 3, 2013, and became employed by defendant GuardHill Financial Corp., a competing mortgage firm. The claims allege that those customer lists were used by defendants to procure loans for GuardHill, and plaintiffs seek to recover damages based on the commission amounts paid on those loans.
The court properly dismissed the individual defendants' first and third counterclaims seeking commissions paid to Apple on loans they originated that closed and funded after they resigned from the company. At-will employees are generally not entitled to post-departure commissions, and the parties' written commission agreements here did not include the type of language that would provide defendants with the basis for such a claim (see Arbeeny v Kennedy Exec. Search, Inc., 71 AD3d 177, 180-181 [1st Dept 2010]; Yudell v Israel & Assoc., 248 AD2d 189, 189-190 [1st Dept 1998]).
However, plaintiff's unjust enrichment claim should also have been dismissed as it is duplicative of the breach of fiduciary duty claim, arises from the same facts and seeks the same damages (see Hahn v Stone House Props. LLC, 206 AD3d 408, 409 [1st Dept 2022]; Apollo Mgt., Inc. v Cernich, 202 AD3d 527, 528 [1st Dept 2022]).
To the extent defendants, in their summary judgment motions, sought, among other things, a ruling that the damages sought by plaintiff are not recoverable as a matter of law because there is no record evidence that supports the required showing that the commissions at issue resulted from the taking and use of the customer lists, we find that there are issues of material fact with respect to plaintiff's claims, and the court correctly declined to make a ruling that plaintiff's claims seek unrecoverable damages. Nor did the court err to the extent it declined, at this stage, to issue rulings specifying the proper measure of damages, including the ruling sought by defendants [*2]that would limit plaintiff's possible recovery by determining that damages could not be measured by taking into consideration commissions earned after plaintiff's predecessor ceased operations.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024